

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| JUNG JU CHANG and YONG C. CHANG, | ) CASE NO. 10-36212-H3-7 |
| Debtors, | ) |

ENTERED 06/01/2012

MEMORANDUM OPINION

The court has held an evidentiary hearing on the "Motion to Determine Extent of the Automatic Stay, Or in the Alternative, to Modify the Automatic Stay Pursuant to 11 U.S.C. § 362(d)" (Docket No. 69) filed by H Mart Houston, Inc. Although the relief sought in the instant motion is broad, and the responsive pleadings addressed issues other than those presented in the motion, the court has limited consideration to the issues presented under Section 362(d) of the Bankruptcy Code.[1] The following are the Findings of Fact and Conclusions of Law of the court. A separate conforming Judgment will be entered. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

---

[1] See Bankruptcy Local Rule 4001-1(a)(8): "Motions for relief from the stay may never be combined with a request for other relief."

<u>Findings of Fact</u>

Jung Ju Chang and Yong C. Chang ("Debtors") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on July 27, 2010.  The case was converted to a case under Chapter 7 of the Bankruptcy Code by order entered on October 13, 2010 (Docket No. 25).  A discharge of both Debtors was entered on February 24, 2011 (Docket No. 55).

Prior to the date of filing of the petition in the instant case, Jung Ju Chang ("Debtor") operated the "Toreore" restaurant, pursuant to a "License Agreement," dated June, 2010, between Debtor and H Mart Houston, Inc. ("H Mart").[2]  The restaurant is located inside a store operated by H Mart.

Debtor testified that she does not own a real property interest in the H Mart store location.

Moobaii Jun, the manager of the H Mart store, testified that Debtor has not maintained insurance on the restaurant.

Debtor testified that she eliminated workers' compensation insurance for the restaurant, in order to seek a less expensive form of insurance.

---

[2]Debtors have taken the position that the "License Agreement" is a lease.  H Mart has taken the position that the "License Agreement" is not a lease.  The court does not determine in the instant Memorandum Opinion whether or not the "License Agreement" is a lease.

Conclusions of Law

Section 362(c) of the Bankruptcy Code provides in pertinent part:

> (c) Except as provided in subsections (d), (e), (f), and (h) of this section -
>
> > (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;
> >
> > (2) the stay of any other act under subsection (a) of this section continues until the earliest of -
> >
> > > (A) the time the case is closed;
> > > (B) the time the case is dismissed; or
> > > (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

11 U.S.C. § 362(c).

In the instant case, the discharge was entered on February 24, 2011. Thus the stay has terminated by operation of law, except as to "the stay of an act against property of the estate."

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

3

>   (2) with respect to a stay of an act against property under subsection (a) of this section, if–
>
>>   (A) the debtor does not have an equity in such property; and
>>
>>   (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

Section 362(g) of the Bankruptcy Code provides:

>   (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>>   (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>>
>>   (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, Debtor's testimony establishes that she does not have equity in the property. Debtor has not presented evidence sufficient to sustain the burden of proof with respect to the necessity for an effective reorganization.[3] Debtor has made no offer of adequate protection. Debtor's failure to maintain workers' compensation insurance constitutes

---

[3] Indeed, Chapter 7 does not contemplate a reorganization.

further cause for lifting stay in the instant case. The court concludes that the stay should lift, with respect to the stay of an act against property of the estate.[4]

Based on the foregoing, a separate conforming Judgment will be entered.

Signed at Houston, Texas on June 1, 2012.

*Letitia Z. Paul*
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[4] The court makes no determination as to the rights of the parties following this court's ruling. The court's ruling addresses only the property of the bankruptcy estate, and does not address any questions regarding the effect of discharge or the characterization of the "License Agreement."